UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11300-RGS

ELIZABETH RODRIGUEZ

v.

WELLS FARGO BANK, N.A.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

July 12, 2019

STEARNS, D.J.

*Pro se* plaintiff Elizabeth Rodriguez brought this lawsuit against Wells Fargo Bank alleging unconscionable delays in approving the modification of a mortgage loan agreement. Wells Fargo now moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons to be explained, the motion to dismiss will be allowed.

## BACKGROUND

Rodriguez claims that she "submitted all necessary documents multiple time[s] to modify her loan," and faults Wells Fargo for "delay[ing] the process and repeatedly requesting the same documents over and over." Pl.'s Compl. (Dkt # 1) at ¶¶ 4-5. She asks the court to "order the WELLS FARGO BANK [to] issue and send [a] loan modification in regard to her

home." *Id.* at 1. The Complaint contains no information pertinent to the loan agreement that she seeks to modify.

Wells Fargo believes that the loan in question dates from May 12, 2004, and is secured by property that Rodriguez identifies as her residence at 41-45 Kirk Street in Methuen, Massachusetts. Def.'s Mem. (Dkt # 6) at 2. If so, Wells Fargo is the current mortgagee and servicer for the loan, Manuel Rodriguez, however, is the sole named borrower on the mortgage agreement. *Id.* at 2, Ex. A, at 2-3.[1]

## DISCUSSION

The Federal Rules require that a prayer for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleading standard does not require a plaintiff to set forth "detailed factual allegations," "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

---

[1] The court generally considers only facts alleged in documents attached to or expressly incorporated in the complaint, unless it converts the motion to dismiss into one for summary judgment. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); Fed. R. Civ. P. 12(d). Because the mortgage is recorded in the Essex County Registry of Deeds and as "official public records," the document falls within the "narrow exception[]" to the general rule. *Watterson*, 987 F.2d at 3.

plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013), quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

As a preliminary matter, Rodriguez fails to establish "standing to vindicate the rights of a borrower" because she does not claim to be "a signatory on [a] loan note" with Wells Fargo. *Anctil v. Specialized Loan Servicing, LLC*, 2016 WL 70451, at *1 (D. Mass. Jan. 6, 2016). Moreover, Rodriguez fails to allege sufficient facts to support a cause of action. Although her *pro se* status requires the court to read the Complaint with "an extra degree of solicitude," *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir.1991), it "does not insulate [her] from complying with procedural and substantive law." *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997). At a minimum, she must recount "facts as to who did what to whom, when, where, and why . . . ." *Educadores Puertorriqueños en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Because the court cannot discern from the five-paragraph Complaint how Wells Fargo is alleged to have acted unlawfully or

how Rodriguez suffered a personal injury as a result, a liberal reading does not save it from dismissal.

## ORDER

For the foregoing reasons, defendant's motion to dismiss is <u>ALLOWED</u>. The Clerk will enter judgment for the defendant on all claims and close the case.

SO ORDERED.

<u>/s/ Richard G. Stearns         </u>
UNITED STATES DISTRICT JUDGE